IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BRYCE JOSEPH RUNKLE, §
§
Plaintiff, §
§
V. § 1-15-CV-1141 RP
§
STATE OF TEXAS, ET AL., §
§
Defendants. §

## ORDER

Before the Court are Plaintiff's Opposed Motion to Remand, filed January 11, 2016 (Clerk's Dkt. #12) and the responsive pleadings thereto. Also before the Court are Defendants' Opposed Motion to Transfer Venue and Brief in Support, filed December 15, 2015 (Clerk's Dkt. #3) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiff Bryce Joseph Runkle ("Runkle") originally filed this action in the 53rd Judicial District Court of Travis County, Texas on October 27, 2015. He named as defendants Josh R. Morriss, III, Chief Justice of the Texas Court of Appeals, Sixth District, Justice Jack E. Carter, Justice Bailey C. Moseley, Justice Ralph K. Burgess and Stacy Charles Stanley (collectively "the Individual Defendants"), as well as the State of Texas.

In his original state court petition, Runkle contends he was subjected to discrimination on the basis of a perceived disability during his employment at the Texas Court of Appeals, Sixth District, located in Texarkana, Texas. Specifically, he identifies the "Nature of Action" by stating:

> This is a suit for damages arising out of events surrounding the unlawful employment practices in violation of Tex. Labor Code Ann.§ 21.001, et. seq. and the Americans with Disability Act (hereinafter "ADA"), as amended by the 2008 Amendments to the Americans with Disability Act (hereinafter "ADAAA"), 42 U.S.C.A. § 12111, et. seq. as well as a suit for damages under 42 U.S.C.A. § 1983

> for violation of PLAINTIFF'S rights under the Equal Protection Clause of the U.S. Constitution.

(Plf Orig. Pet. at 2) (internal references omitted).

The Individual Defendants removed the action to this Court, asserting federal question jurisdiction based on Plaintiff's reference to the Americans with Disabilities Act ("ADA") in his state court petition. Plaintiff has filed a motion to remand this action back to state court. The Individual Defendants have responded to the motion, and have also filed a motion seeking to transfer venue of this action. The Court will address those motions in turn.

## II. MOTION TO REMAND

**A.  Applicable Law**

Federal courts have original jurisdiction over cases "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Implementation of this statute is controlled by the well-pleaded complaint rule. This rule provides that a "properly pleaded complaint governs the jurisdictional determination and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Stated differently, removal is proper if the complaint establishes: (1) federal law creates the cause of action; or (2) federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). When the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

**B.     Discussion**

Plaintiff has moved to remand this action, arguing the notice of removal was defective on various grounds. Specifically, he points out that the sole statutory authority cited by the Individual Defendants was 28 U.S.C. § 1441(b), but that provision governs removal based on diversity of citizenship which is absent here. Plaintiff also argues the Individual Defendants referenced jurisdiction based on a federal statute, the ADA, but his petition only references the ADA for definitional purposes, thus no federal question is actually at issue in this case.

As to Plaintiff's first argument concerning the statutory authority cited by the Individual Defendants in the Notice of Removal, the Court finds it unavailing. While Plaintiff is correct as to the citation, the Notice of Removal clearly states that the basis for jurisdiction is the presence of a federal question, not diversity of citizenship. The typographical error in the citation is simply not enough to overcome the other statements in the Notice of Removal.

In his second basis for remand, Plaintiff contends the Individual Defendants have incorrectly read his pleading. According to Plaintiff, he has not asserted a claim for relief under the ADA. Rather, he maintains his citations to the ADA are simply for definitional purposes.

A federal court may find that a plaintiff's claim arises under federal law and is removable, even though the plaintiff has not characterized the claim as federal. *Frank*, 128 F.3d at 922. To make this determination, the court must look to the substance of the claim alleged. *Rozzell v. Sec. Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994). Thus, to defeat remand of this case, the Individual Defendants must show that a federal right is an essential element of one of Plaintiff's causes of action. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (removal proper only where plaintiff has affirmatively alleged federal claim in the complaint).

Plaintiff is correct that the Fifth Circuit has regularly found references to federal statutes is

not enough alone to establish a federal question. *See, e.g., MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (allegation that defendants maintained one of their facilities in violation of federal regulations, as well as in violation of state and local regulations in pleading alleging state law negligence and strict liability torts did not suffice to render action one arising under federal law); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988) (claim of wrongful termination not properly removed based on plaintiff's allegations that he refused to permit his employer to continue to operate in violation of federal laws); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 692-93 (5th Cir. 1995) (characterizing statement that "It is expected that the evidence will reflect that the damages caused by the Defendants are in violation of not only State law but also Federal law" as merely "oblique" reference to violation of an unspecified federal law and insufficient to constitute assertion of federal cause of action); *Rozzell*, 38 F.3d at 822 (complaint alleging only wrongful termination was not removable under ERISA preemption even though employee alleged he was fired in attempt to deprive him of compensation and "benefits" of his job; word "benefits" was included in accusation of requisite malice for punitive damages, not as separate claim for relief). However, the Court disagrees with Plaintiff that his state court petition merely references the ADA for definitional purposes.

Plaintiff's pleading is organized in five sections. The first is entitled "Nature of Action." As set forth above, in that section Plaintiff describes his case as "a suit for damages arising out of events surrounding the unlawful employment practices in violation of Tex. Labor Code Ann.§ 21.001, et. seq. and the Americans with Disability Act." (Plf. Orig. Pet. at 2) (internal reference omitted). The fourth section is entitled "Violation of ADA and Texas Commission on Human Rights Act." (*Id*. at 5). Plaintiff begins that section by again stating he brings his suit "pursuant to the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code and the Americans with Disability Act." (*Id*.). In that section Plaintiff alleges: (1) "The DEFENDANTS' hostile work environment on the basis of PLAINTIFF's perceived disability status is a discriminatory action

prohibited by the ADA" (*Id*. at 7); (2) "STACY CHARLES STANLEY's conduct created a hostile work environment on the basis of PLAINTIFF's perceived disability status and was a discriminatory action prohibited by the ADA" (*Id*. at 12); (3) "CHIEF JUSTICE JOSH R. MORRISS, III and JUSTICE JACK E. CARTER acts were discriminatory actions prohibited by the ADA" (*Id*. at 13); (4) "PLAINTIFF's complaint letter of February 20, 2012 was a protected activity under the ADA, the Texas Labor Code, and the Court's Anti-discrimination Policy. These retaliations violated the ADA" (*Id*. at 14); (5) "PLAINTIFF's complaint letter of October 12, 2012 was a protected activity under the ADA, the Texas Labor Code, and the Court's Anti-discrimination Policy. These retaliations violated the ADA" (*Id*. at 15); (6) "On May 22, 2014, CHIEF JUSTICE JOSH R. MORRISS, III placed PLAINTIFF on a two (2) day paid suspension . . . . The two (2) day suspension is a discriminatory action prohibited by the ADA" (*Id*. at 16); and (7) "The DEFENDANTS' constructive termination of PLAINTIFF's employment on the basis of his perceived disability status is a discriminatory action prohibited by the ADA." (*Id*. at 18).

Contrary to Plaintiff's description, his state court petition contains numerous allegations that the conduct of the defendants constituted a violation of the ADA. In both the text and headings included in his petition, he alleges he is bringing his suit based in part on violations of the ADA. The Court finds the Individual Defendants did not err in removing this action to federal court based on the allegations in Plaintiff's state court petition. Accordingly, Plaintiff's motion to remand is properly denied.

### III. MOTION TO TRANSFER VENUE

The Individual Defendants ask this Court to transfer venue over this case pursuant to 28 U.S.C. § 1404(a) ("Section 1404). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The threshold question in

5

applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The Individual Defendants seek to transfer this action to the Texarkana Division of the Eastern District of Texas. According to the Individual Defendants, venue in this case is governed by the general venue statute codified in 28 U.S.C. §1391(b). Section 1391(b) provides, in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Individual Defendants maintain this lawsuit could have been brought in the Eastern District because they reside in or near Texarkana, and a substantial part of the alleged events or omissions giving rise to the claim, that is their allegedly discriminatory conduct, occurred in Texarkana, where the Texas Court of Appeals, Sixth District is located.

However, as discussed above, the Individual Defendants removed this action based on Plaintiff's assertions of violations of the ADA. Venue in ADA cases is not determined by the general venue provisions of section 1391, but rather by special venue provisions for ADA cases adopted by Congress. *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003). The applicable statute provides, in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.A. § 2000e-5(f)(3).

There is no question that the allegedly unlawful employment practice occurred in an around

Texarkana, which is also the location in which Plaintiff would continue to be employed, but for the allegedly unlawful practice. Texarkana is located in the Texarkana Division of the Eastern District of Texas and thus this action could have been brought there. The threshold for transfer of venue under Section 1404 is thus met.

The Court thus turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847, at 370 (1986)). The relevant factors include matters of both private and public interest, none of which are dispositive. *Volkswagen AG*, 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving application of foreign law. *Id.*

As an initial matter, Runkle contends his choice of forum, as plaintiff, should be granted great weight, and afford a presumption against transfer of this action. However, while a court should consider the plaintiff's venue choice, the plaintiff's choice is neither conclusive nor determinative. *Horseshoe Entm't*, 337 F.3d at 434. Rather, the party seeking transfer must show "good cause" which the Fifth Circuit has explained means

> that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the

7

> transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Accordingly, the Court will turn to the factors required to assess the convenience of parties and witnesses, as well as the interests of justice.

As to the public factors, the parties largely agree that the factors do not weigh strongly for or against transfer. Defendants do note that the allegedly unlawful employment practice occurred in Texarkana, and thus there is a local interest in deciding the matter in Texarkana. Accordingly, the Court finds the public factors weigh slightly in favor of transfer.

Defendants maintain the private factors clearly weigh in favor of transfer. As to access to sources of proof, Defendants assert that all of the relevant records are located in Texarkana. Plaintiff counters that at least some of the records are located in Austin. He also points out that the records could be produced electronically, thus reducing any burden on access to those sources of proof. This factor thus weighs only slightly in favor of transfer.

Defendants also point out the witnesses, including themselves, reside in, and the conduct at issue occurred in, Texarkana. Plaintiff argues at some length that Defendants have not provided sufficiently specific details as to the names of the witnesses or the likely content of their testimony. In the circumstances of this case, Plaintiff's argument is not well placed as he does not disagree that all of the defendants, as well as virtually all of the witnesses, reside in Texarkana, and that all conduct occurred there. Further, Defendants have identified ten individuals, in addition to the defendants themselves, who may testify, and have stated those individual will testify to the facts alleged in Plaintiff's complaint, including the facts surrounding Plaintiff's employment and ultimate suspension, and the Sixth Court of Appeals' policies and procedures, including the policies relating to the decision to suspend Plaintiff. The Court finds this description sufficiently detailed for the

purpose of evaluating the propriety of transfer under Section 1404.

Plaintiff also suggests that, because the defendants have authority state-wide, they are effectively located in Austin. He also maintains that the attendance at trial of the individual witnesses, as employees of defendants, can be secured in Austin. However, neither argument addresses the fact that each of those individuals resides in or near Texarkana, with the exception of one former employee. Thus, the defendants and witnesses will certainly be inconvenienced during both pretrial and trial proceedings were this case to remain in Austin. This factor thus weighs clearly in favor of transfer.

Plaintiff finally argues that the fact that he is located in Austin should weigh heavily against transfer. He maintains he has fewer monetary resources than the defendants and the relative means of the parties should be considered in evaluating transfer. The Court agrees this factor does weigh against transfer of this action. *See Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2nd Cir. 2008) (identifying relative means of the parties as factor to consider under section 1404(a)).

After a review of the factors to be considered under Section 1404, the Court concludes the public factors weigh slightly in favor of transfer. Further, with the exception of the relative means of the parties, the private factors weigh slightly or clearly in favor of transferring this case. Accordingly, the Court finds this case should be transferred to the Texarkana Division of the Eastern District of Texas.

## IV. CONCLUSION

The Court hereby **DENIES** Plaintiff's Opposed Motion to Remand (Clerk's Dkt. #12). The Court hereby **GRANTS** Defendants' Opposed Motion to Transfer Venue (Clerk's Dkt. #3).

**IT IS THEREFORE ORDERED** that this cause is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Texarkana Division.

**SIGNED** on February 26, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE